**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2945
_____

UNITED STATES OF AMERICA,

v.

DARREL E. NELSON
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:93-cr-00072)
District Judge:  Honorable Gustave Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 25, 2012

BEFORE:  RENDELL, FUENTES, and HARDIMAN, *Circuit Judges.*
(Opinion Filed: June 27, 2012)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge.*

Darrel Nelson pled guilty to two counts of federal income tax evasion and in

December 1993 he was sentenced to 41 months' imprisonment and three years'

supervised release.  After first serving over 12 years in state prison on unrelated charges,

Nelson served his federal sentence for income tax evasion and was placed on supervised

1

release in July 2008. Contrary to the terms of his federal supervised release, Nelson traveled to Phoenix, Arizona without permission and on several occasions tested positive for morphine. After the District Court determined that Nelson had violated his supervised release, it sentenced him to 11 months' imprisonment on each of the two violations, the terms to run consecutively. On appeal, Nelson claims that the District Court abused its discretion when it imposed a sentence at the top of the Guidelines range for each of his two violations and then chose to run those sentences consecutively, instead of concurrently. He also claims that the Court committed procedural error by failing to give "meaningful consideration" to the § 3553(a) factors. We disagree and will affirm the District Court's sentence.

I.

Because we write primarily for the parties, we discuss only those facts relevant to our analysis. While serving a term of supervised release for income tax evasion in violation of 26 U.S.C. § 7201 and on parole for unrelated state charges, Nelson boarded a plane without permission from either his state parole officer or his federal probation officer and flew to Phoenix, Arizona. Authorities at Phoenix airport detained both Nelson and his girlfriend.

Upon searching them, they found $90,209 concealed on their bodies. Although Nelson claimed the money was payment for being a concert promoter and from the sale of a house, it was seized when a drug canine alerted authorities to the presence of a drug odor on the money. Arizona authorities did not take Nelson into custody or charge him with a new criminal offense at that time. However, upon his return, the Pennsylvania

State Parole Board revoked his parole after he admitted the travel violation. As a result of his state parole violation, he was sentenced in state court and served an additional 14 months' imprisonment in state prison.

In December 2010, and while Nelson was serving the state sentence, the U.S. Probation Office filed a Petition on Supervised Release, alleging that Nelson's unauthorized travel to Phoenix violated the terms of his release. The Government also filed a Supplemental Petition alleging Nelson had tested positive for morphine on four separate occasions.

The District Court found Nelson had committed two Grade C violations by having left the jurisdiction without authorization and by having tested positive for morphine. Based on these violations and with a criminal history category of III, Nelson's Guidelines range was 5 to 11 months for each violation.

At the hearing, the District Court considered evidence about Nelson's history and the circumstances surrounding the offenses, including his detainment in the Phoenix airport where $90,209 was found concealed and seized, his prior convictions on both federal income tax evasion and state drug trafficking charges, and his potential recidivism. The District Court then sentenced Nelson to 11 months' imprisonment on each violation to run consecutively.

During the hearing, Nelson contended the District Court should consider the 14 months he spent in state custody for the same conduct. The District Court rejected this argument, explaining they were "[s]eparate crime[s], [in] separate jurisdiction[s]," (App. 63) and explained that "each sovereignty [state and federal] has its own

jurisdiction…[w]here [an] offense is a violation of each of those, each of them can try you and sentence you separately." (App. 73).

Nelson also argued that the Court should run the sentences for the two federal violations concurrently, though he acknowledged that the District Court could run the sentences consecutively. Nevertheless, defense counsel argued consecutive sentences would be tantamount to "an upward departure." The District Court rejected this argument as well, stating that they "can be made to run consecutive to one another…[t]hese are separate offenses, separate violations, and each one of them can be treated and sentenced separately." (App. 72).

After the hearing, the District Court issued a Memorandum Judgment Order reiterating that it had considered all the factors set forth in 18 U.S.C. § 3553(a). The Court emphasized Nelson's two separate violations, his recidivism and history as a major drug trafficker, and the need to protect the public from future crimes. Ultimately, the District Court revoked Nelson's supervised release and sentenced him to 11 months' imprisonment on each violation to run consecutively.

This timely appeal followed.[1]

II.

A.

We review a district court's sentence upon revocation of supervised release for reasonableness. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007).

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

In reviewing a sentence, we first consider whether the sentencing court committed any procedural errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The party challenging the sentence bears the burden of demonstrating unreasonableness. *Id.*

B.

On appeal, Nelson contends the District Court committed procedural error by failing to give "meaningful consideration" to the § 3553(a) factors. We conclude that the District Court committed no such error. The parties do not dispute that the District Court properly calculated the Guidelines range for each violation, nor do they dispute that the District Court did not treat the Guidelines as mandatory. Rather, Nelson believes the District Court did not give "meaningful consideration" to the § 3553(a) factors because it failed to consider *all* of the factors. However, the District Court is not required to make explicit findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account during sentencing. *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007).

After hearing arguments from counsel, the District Court determined Nelson's sentence "upon consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a)" and emphasized in both the sentencing colloquy and its Memorandum Order of Judgment

5

the particular factors it found to be relevant. Our review of the record makes clear that the District Court gave "meaningful consideration" to the appropriate factors during sentencing. *See Tomko*, 562 F.3d at 568. Thus, we see no procedural error and no abuse of discretion.[2]

III.

We have considered Nelson's remaining arguments and find them to be without merit. For the foregoing reasons, we will affirm the District Court's judgment and sentence.

---

[2] Along the same lines, Nelson argues that the District Court procedurally erred by failing to meaningfully address his arguments that (1) the sentences for his two violations should run concurrently and not consecutively, and (2) that the Court failed to account for the 14 months Nelson served in state custody for the same conduct. However, the District Court acknowledged each argument and rejected it, providing its reasons for doing so. On our review of the record, we find no abuse of discretion in those decisions.